### MICHIGAN TRUST CO. *v.* BENNETT.

1. PARTNERSHIP—CONVEYANCE BY ONE PARTNER TO SECURE FIRM CREDITOR.

    A conveyance by a partner of lands to which he holds the legal title, given as security for a *bona fide* indebtedness of the partnership, is valid as against the other creditors of the firm, whether the land be individual or partnership property

2. PARTNERSHIP—TENANCY IN COMMON—BONA FIDE PURCHASER

    Where the legal title to partnership realty is vested in the individual members of the firm as tenants in common, a conveyance by one partner of his undivided interest to a *bona fide* purchaser is valid as against the firm creditors.

Appeal from Montcalm; Dodds, J., presiding. Submitted June 12, 1895. Decided September 26, 1895.

Bill by Seymour B. Gorham, assignee of Clarence W. and Merrick W. Chapin, against Frederick H. Bennett and others, to set aside certain conveyances on the ground that they were fraudulent as against the creditors of the assignors. The assignee having resigned, the Michigan Trust Company, as receiver, was substituted as complainant, and the cause proceeded  From a decree for defendants, complainant appeals. Affirmed.

Oscar Webber and Clarence W. Chapin, composing the firm of Webber & Chapin, bankers, became the owners of the land in dispute, having obtained the same in payment of a debt. June 26, 1883, Oscar Webber and wife conveyed an undivided half of said land to defendant Frederick H. Bennett for the expressed consideration of $1,400. The deed was not recorded until July 10, 1893. December 28, 1892, Webber & Chapin dissolved partnership; Webber selling out to Chapin, Merrick W. Chapin taking his place in the firm. The bank was indebted to defendant Spanogle in the sum of $1,800 for money deposited. Spanogle, hearing that the firm was in financial embarrassment, demanded the payment of his money. The firm was unable to pay, and thereupon Clarence W. Chapin and wife conveyed by deed to him an undivided half interest in said land, and his interest in the personal property upon the farm, in payment of the claim. Afterwards, Chapin & Co made a general assignment for the benefit of their creditors. This bill was filed by the assignee to set aside the two deeds,—one to Spanogle, and the other to Bennett,—and to recover the land for the benefit of the creditors. The testimony was taken in open court, and decree entered dismissing the bill as to Bennett, and holding that the conveyance to Spanogle was taken *bona fide* as a security for his debt, and that he should convey to the complainant upon the payment of his debt, with interest and costs.

*Thomas F. McGarry*, for complainant.

*F. A. Miller* and *William O. Webster*, for defendants.

GRANT, J. (*after stating the facts*).  It is conceded that
Chapin & Co. were indebted to Spanogle in the sum of
$1,800.  The title to the undivided one-half interest in the
land stood in Clarence W. Chapin.  It is immaterial
whether the land was the property of the bank or of Mr.
Chapin.  Mr. Spanogle had the undoubted right to secure
his claim, either out of the firm property or out of the
individual property of one of the members.  There is no
evidence that Spanogle acted in bad faith, or with any
intent to assist Bennett and Chapin in defrauding the
other creditors.  There is good evidence to show that
there was no considerable difference between the value
of the property conveyed and the debt due.  It is, how-
ever, of no consequence, because the assignee, by the
decree of the court below, can obtain the entire value of
the excess, if any, by paying the amount of the indebted-
ness, and from this decree Spanogle has not appealed.

Defendant Bennett testified that when he purchased
the land from Webber he paid $1,400 in cash.  Webber
also testified to the same thing.  Bennett went into pos-
session immediately, and continued in possession there-
after, clearing up the land and erecting buildings.  He
used the proceeds of the land in supporting himself and
family, and in these improvements.  While there are
some suspicious circumstances, such as the failure to
record the deed and the relationship of the parties, we do
not think there is sufficient to justify the conclusion that
Bennett did not pay the $1,400, or that the transaction is
vitiated by fraud, which must be proven, and not based
upon surmise.  If Bennett actually paid the $1,400 to
Webber, there is no reason why he should not be pro-
tected, although the purchase by Webber & Chapin was
made with bank funds.  Upon this record they were
tenants in common, and each had the right to convey an
undivided half interest to one who took without knowl-
edge that the land was partnership property.

We see no reason to disturb the decree below, and it is affirmed, with costs.

McGRATH, C. J., LONG and MONTGOMERY, JJ., concurred. HOOKER, J., did not sit.